UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------x
                                              :
                                              :          05 Civ. 1897 (HB)
**In re Dynex Capital, Inc.**                 :
**Securities Litigation**                     :          **OPINION & ORDER**
                                              :
                                              :
-----------------------------------------------------x

**Hon. Harold Baer, Jr., District Judge:**

     Defendants Dynex Capital, Inc. ("Dynex") and Merit Securities Corporation ("Merit") (collectively, "Dynex" or "defendants") move for reconsideration of or, in the alternative, for leave to take an interlocutory appeal from my Opinion and Order dated February 10, 2006 denying in part defendants' motion to dismiss. For the reasons set forth below, defendants' motion for reconsideration is denied and defendants' motion to certify the question for interlocutory appeal is granted.

## BACKGROUND

     Lead plaintiff Teamsters Local 445 Freight Division Pension Fund ("Local 445") brought this putative class action against Dynex and Merit (a wholly owned subsidiary of Dynex), as well as against Thomas H. Potts ("Potts") and Stephen J. Benedetti ("Benedetti"), for violations of sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"). Plaintiff's factual allegations are recited in my February 10, 2006 Opinion and Order, and will not be repeated here. See In re Dynex Capital, Inc. Sec. Litig., 05 Civ. 1897, 2006 WL 314524, *1 (S.D.N.Y. Feb. 10, 2006) ("Dynex I"). In sum, plaintiff alleges that defendants committed fraud in connection with the sale of asset-backed bonds. Dynex issued bonds collateralized by pools of mobile home installment sales contracts. Dynex also originated the loans that served as collateral for the bonds. Benedetti was the President and CEO of Merit during the class period, and Potts was President of Dynex from 1997 until June 2002 (and remained a director thereafter).

     In Dynex I I found that Local 445 had failed to adequately allege scienter with respect to Potts and Benedetti. Dynex I, 2006 WL 314524, *9. However, I found that

1

plaintiff had sufficiently plead scienter on the part of Dynex and Merit. Id. at *10. Defendants assert that this distinction is untenable, and therefore seek reconsideration or leave to appeal.

## **DISCUSSION**

"A motion for reconsideration should be granted only where the moving party demonstrates that the Court has overlooked factual matters or controlling precedent that were presented to it on the underlying motion and that would have changed its decision." In re Worldcom, Inc. Sec. Litig., 308 F. Supp. 2d 214, 224 (S.D.N.Y. 2004). See also In re BDC 56 L.L.C., 330 F.3d 111, 123 (2d Cir. 2003); Local Civil Rule 6.3.

However, "[a] district court may certify an otherwise non-appealable order for interlocutory appeal when 'such order involves a controlling question of law as to which there is a substantial ground for difference of opinion and . . . an immediate appeal . . . may materially advance the ultimate termination of the litigation.'" New York Jets L.L.C. v. Cablevision Systems Corp., 05 Civ. 2875, 2005 WL 3454652, *1 (S.D.N.Y. Dec. 19, 2005) (Baer, J.) (quoting 28 U.S.C. § 1292(b)). "Section 1292(b) constitutes 'a rare exception to the final judgment rule that generally prohibits piecemeal appeals.'" Id. (quoting Koehler v. Bank of Bermuda, Ltd., 101 F.3d 863, 865 (2d Cir. 1996)).

In Dynex I I found that "[a] plaintiff may . . . allege[] scienter on the part of a corporate defendant without pleading scienter against any particular employees of the corporation." Dynex I, 2006 WL 314524, *9. Defendants argue that this was error. Defendants contend that a corporation may only possess the requisite intent to defraud necessary to violate section 10(b) if one or more of its employees or agents acted with scienter.

In In re Worldcom, Inc. Sec. Litig., 352 F. Supp. 2d 472, 497 (S.D.N.Y. 2005), the court stated that "[t]o carry their burden of showing that a corporate defendant acted with scienter, plaintiffs in securities fraud cases need not prove that any one individual employee of a corporate defendant also acted with scienter. Proof of a corporation's collective knowledge and intent is sufficient." The court went on to hold that, "[w]hile [plaintiffs] may be able to show that individual . . . employees acted with scienter with respect to individual issues, it is also entitled to show that [the corporate defendant] as a

2

firm was reckless . . . through the sum of its employees' activities and knowledge." Id. at 499-500. Other courts within this Circuit have also found scienter on the part of corporate defendants in the absence of sufficient allegations of an individual's intent to defraud. See, e.g., Duncan v. Pencer, 94 Civ. 0321, 1996 WL 19043, *11-15 (S.D.N.Y. Jan. 18, 1996) (finding plaintiffs failed to plead scienter as to individual defendants but adequately alleged that corporate defendant had motive and opportunity to defraud); In re Twinlab Corp. Sec. Litig., 103 F. Supp. 2d 193, 206-07 (E.D.N.Y. 2000) (finding plaintiffs had adequately plead scienter as to corporate defendant but had failed to plead scienter with respect to individual officer defendants). See also In re Oxford Health Plans, Inc. Sec. Litig., 51 F. Supp. 2d 290, 294-96 (S.D.N.Y. 1999) (finding plaintiffs had sufficiently alleged that auditing firm was reckless without reference to the acts or omissions of any particular employees or agents of the firm).

However, other courts have reached an opposite conclusion. In Kinsey v. Cendant Corp., the court stated that "' [i]t is not enough to establish fraud on the part of a corporation that one corporate officer makes a false statement that another officer knows to be false. A defendant corporation is deemed to have the requisite scienter . . . only if the individual . . . making the statement has the requisite level of scienter. . .'" 04 Civ. 582, 2004 WL 2591946, *13 (S.D.N.Y. Nov. 16, 2004) (quoting In re Apple Computer, Inc. Sec. Litig., 243 F. Supp. 2d 1012, 1023 (N.D. Cal. 2002)). See also First Equity Corp. of Florida v. Standard & Poor's Corp., 690 F. Supp. 256, 260 (S.D.N.Y. 1988), *aff'd* 869 F.2d 175 ("[a] corporation can be held to have a particular state of mind only when that state of mind is possessed by a single individual"). In addition, defendants rely on substantial authority from courts outside the Second Circuit. See, e.g., Southland Sec. Corp. v. Inspire Ins. Solutions, Inc., 365 F.3d 353, 366 (5th Cir. 2004) ("[f]or purposese of Rule 10b-5 scienter we believe it appropriate to look to the state of mind of the individual corporate official or officials who make or issue the statement . . . rather than generally to the collective knowledge" of the corporation).

Dynex argues that the Second Circuit's decision in State Teachers Retirement Board v. Fluor Corp., 654 F.2d 843, 853 (2d Cir. 1981), is controlling. In Fluor, the court affirmed the district court's grant of summary judgment to the defendant on plaintiff's Rule 10b-5 claim, since "there [was] no evidence [in] the record . . . that . . . [any of

3

defendant's officers] acted with scienter." Id. at 853. Therefore, the court stated that it was "immaterial" whether defendant's statement constituted an actionable omission. Id. This language appears to imply that the Second Circuit would disapprove of a "collective" or "corporate" scienter theory in the context of a violation of section 10(b) of the Exchange Act. However, more recently, in Press v. Chemical Investment Servs. Corp., 166 F.3d 529, 538 (2d Cir. 1999), the Second Circuit found that the plaintiff therein had adequately alleged that the corporate defendants had the motive and opportunity to defraud without reference to the state of mind of any individual employee or agent. The court stated that to require more "would make virtually impossible a plaintiff's ability to plead scienter in a financial transaction involving a corporation, institution, bank or the like that did not involve specifically greedy comments from an authorized corporate individual." Id. at 538. Thus, Press renders the import of the court's statement in Fluor uncertain.

Defendants have not demonstrated that I overlooked controlling authority in denying Dynex's motion to dismiss. However, defendants have demonstrated that the permissibility of pleading corporate or collective scienter within this Circuit constitutes "a controlling question of law as to which there is substantial ground for difference of opinion." 28 U.S.C. § 1292(b). In this instance, an interlocutory appeal will "materially advance" the termination of this litigation and is in the interest of judicial efficiency. My denial of Dynex's motion to dismiss turned on this question, and substantial resources may be expended in vain both by the parties and this Court if my initial conclusion proves incorrect. Therefore, Dynex has satisfied the requirements of 28 U.S.C. § 1292(b).

4

## **CONCLUSION**

For the foregoing reasons, Dynex's motion for reconsideration is DENIED. I hereby certify this matter for interlocutory appeal pursuant to 28 U.S.C. § 1292(b). If defendants make an application to the Court of Appeals within the 10 days allowed therefore, this matter will be stayed pending resolution of the appeal. However, if defendants do not make an application to the Court of Appeals within that period, or should the Court of Appeals decline to hear the matter, discovery will proceed forthwith. The Clerk of the Court is directed to close this motion and remove it from my docket.

**SO ORDERED.**
**June 2, 2006**
**New York, New York**

_____
U.S.D.J.