Joseph J. Saltarelli
HUNTON & WILLIAMS LLP
200 Park Avenue, 43rd Floor
New York, NY 10166
(212) 309-1000

   -and-

Edward J. Fuhr (admitted *pro hac vice*)
Terence J. Rasmussen (admitted *pro hac vice*)
HUNTON & WILLIAMS LLP
951 E. Byrd Street
Riverfront Plaza, East Tower
Richmond, Virginia 23219
(804) 788-8200

*Counsel for Defendants Dynex Capital, Inc.,*
*Merit Securities Corporation, Thomas H. Potts*
*and Stephen J. Benedetti*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____
                                                         )
                                                         )
                                                         )
IN RE DYNEX CAPITAL, INC.          )        Master File No. 05-CV-1897 (HB)
SECURITIES LITIGATION              )
                                                         )
                                                         )
                                                         )
_____)

**DECLARATION OF TERENCE J. RASMUSSEN IN SUPPORT OF**
**DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S**
**SECOND AMENDED CLASS ACTION COMPLAINT**

I, Terence J. Rasmussen, hereby declare the following under penalty of perjury, pursuant

to 28 U.S.C. § 1746:

1.       I am counsel to Defendants Dynex Capital, Inc., Merit Securities Corporation,

Thomas H. Potts and Stephen J. Benedetti in the above-captioned matter.  I have been admitted

*pro hac vice* to practice in the Southern District of New York in this matter and I am familiar

with the pleadings and proceedings in this matter.  I make this declaration in support of

Defendants' Motion to Dismiss Plaintiff's Second Amended Class Action Complaint.

2.       Annexed hereto as Exhibit 1 is a chart displaying the corporate structure of Dynex Capital, Inc. and its affiliates as alleged in the Complaint.

3.       Annexed hereto as Exhibit 2 is a true and correct copy of relevant portions of the Prospectus, Merit Securities Corporation Collateralized Bonds (Aug. 11, 1999).

4.       Annexed hereto as Exhibit 3 is a true and correct copy of relevant portions of the Prospectus Supplement, Merit Securities Corporation Collateralized Bonds Series 13 (Aug. 31, 1999).

5.       Annexed hereto as Exhibit 4 is a true and correct copy of relevant portions of a Merit Securities Corporation Form 424B4 (Apr. 2, 1999), containing both the Series 12 Prospectus and the Series 12 Prospectus Supplement.

6.       Annexed hereto as Exhibit 5 is a true and correct copy of relevant portions of the Sales Agreement Between Merit Securities Corporation and Issuer Holding Corp. (Aug. 31, 1999).

7.       Annexed hereto as Exhibit 6 is a true and correct copy of relevant portions of the Indenture Supplement, Merit Securities Corporation Collateralized Bonds Series 13 (Aug. 1, 1999).

8.       Annexed hereto as Exhibit 7 is a true and correct copy of a Merit Securities Corporation Form 8-K (Sept. 13, 1999).

9.       Annexed hereto as Exhibit 8 is a chart displaying the structure of the Series 13

Bonds as alleged in the Complaint.

10.     Annexed hereto as Exhibit 9 is a true and correct copy of the Monthly Payment

Reports on the Series 13 Bonds issued by Dynex Capital, Inc. between September 1999 and

December 2001.

11.     Annexed hereto as Exhibit 10 is a chart depicting the structure of monthly

payments on the home loans comprising the Bond collateral as alleged in the Complaint.

12.     Annexed hereto as Exhibit 11 is a true and correct copy of relevant portions of a

Dynex Capital, Inc. Form 10-K for the year ended 1999 (Apr. 18, 2000).

13.     Annexed hereto as Exhibit 12 is a true and correct copy of relevant portions of a

Merit Securities Corporation Form 10-K for the year ended Dec. 31, 2000 (Apr. 16, 2001).

14.     Annexed hereto as Exhibit 13 is a true and correct copy of relevant portions of a

Merit Securities Corporation Form 10-Q for the quarter ended June 30, 2001 (Aug. 17, 2001).

15.     Annexed hereto as Exhibit 14 is a true and correct copy of relevant portions of a

Merit Securities Corporation Form 10-Q for the quarter ended September 30, 2001 (Nov. 14,

2001).

16.     Annexed hereto as Exhibit 15 is a true and correct copy of the Monthly Payment

Report on the Series 13 Bonds issued by Dynex Capital, Inc. on or about December 28, 2001.

17.     Annexed hereto as Exhibit 16 is a true and correct copy of the Monthly Payment

Reports on the Series 13 Bonds issued by Dynex Capital, Inc. between January 2002 and April

2005.

18.     Annexed hereto as Exhibit 17 is a true and correct copy of relevant portions of a Dynex Capital, Inc. Form 10-K for the year ended Dec. 31, 2001 (Mar. 28, 2002).

19.     Annexed hereto as Exhibit 18 is a true and correct copy of relevant portions of a Merit Securities Corporation Form 10-K for the year ended Dec. 31, 2002 (Apr. 15, 2003).

20.     Annexed hereto as Exhibit 19 is a true and correct copy of the Monthly Payment Report on the Series 13 Bonds issued by Dynex Capital, Inc. on or about October 28, 2003.

21.     Annexed hereto as Exhibit 20 is a true and correct copy of relevant portions of a Merit Securities Corporation Form 10-K for the year ended 2003 (Apr. 15, 2004).

22.     Annexed hereto as Exhibit 21 is a true and correct copy of Moody's Investor Service Press Release, Moody's Downgrades Senior and Subordinate Certificates of Merit Securities Corp.'s Series 13 Manufactured Housing Securitization (Feb. 24, 2004).

23.     Annexed hereto as Exhibit 22 is a true and correct copy of Fitch Ratings, Fitch Affirms 1 and Downgrades 3 RMBS Classes of Merit Series 12-1, Business Wire (Mar. 10, 2004).

24.     Annexed hereto as Exhibit 23 is a true and correct copy of a chart displaying cumulative losses on the Series 13 Bond Collateral between September 1999 and April 2005.

25.     Annexed hereto as Exhibit 24 is a true and correct copy of In re Dynex Capital, Inc. Sec. Litig. ("Dynex I"), No. 05-1897, 2006 WL 314524 (S.D.N.Y. Feb. 10, 2006).

26.     Annexed hereto as Exhibit 25 is a true and correct copy of In re Dynex Capital, Inc., Sec. Litig., No. 05-1897, 2006 WL 1517580 (S.D.N.Y. Jun. 12, 2006).

27.     Annexed hereto as Exhibit 26 is a true and correct copy of <u>Teamsters Local 445 Freight Div. Pension Fund v. Bombardier, Inc.</u>, No. 05-1898, 2005 WL 2148919 (S.D.N.Y. Sept. 6, 2005).

28.     Annexed hereto as Exhibit 27 is a true and correct copy of <u>Teamsters Local 445 Freight Div. Pension Fund v. Bombardier, Inc.</u>, No. 05-1898, 2006 WL 2161887 (S.D.N.Y. Aug. 1, 2006).

29.     Annexed hereto as Exhibit 28 is a true and correct copy of <u>In re 2007 Novastar Fin., Inc. Sec. Litig.</u>, No. 07-0139, 2008 WL 2354367 (W.D. Mo. Jun. 4, 2008).

30.     Annexed hereto as Exhibit 29 is a true and correct copy of a "Basis Report" (Dynex Capital Schedule of Investments by Category) dated January 31, 2004.

31.     Annexed hereto as Exhibit 30 is a true and correct copy of <u>Davidoff v. Farina</u>, No. 04-7617, 2005 WL 2030501 (S.D.N.Y. Aug. 22, 2005).

32.     Annexed hereto as Exhibit 31 is a chart displaying the corporate structure of Dynex Capital, Inc. and the relationship of the bondholders thereto, as alleged in the Complaint.

33.     Annexed hereto as Exhibit 32 is a true and correct copy of <u>In re Copley Pharm., Inc. Sec. Litig.</u>, No. 94-11897, 1995 WL 169215 (D. Mass. Mar. 16, 1995).

I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 11, 2008.

_____ /s/ Terence J. Rasmussen_____
Terence J. Rasmussen

## CERTIFICATE OF SERVICE

I certify that on the 11th day of September, 2008, a true and accurate copy of the

foregoing was served via the Court's ECF Filing System on:

> Joel P. Laitman
> Frank R. Schirripa
> SCHOENGOLD SPORN
>  LAITMAN & LOMETTI, P.C.
> 19 Fulton Street, Suite 406
> New York, NY  10038
> (212) 964-0046
>
> *Counsel for Lead Plaintiff Teamsters Local 445*
> *Freight Divisions Pension Fund*

                                    /s/ Terence J. Rasmussen
                                    Terence J. Rasmussen