**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

IN RE DYNEX CAPITAL, INC. SECURITIES LITIGATION

Civ. No.: 05-1897 (HB)

**PROTECTIVE ORDER**

WHEREAS, discovery, motion practice, preparation for trial, and trial in the above-styled action may require the production and use of documents and other information that constitute or contain trade secrets, confidential personal information, or other confidential or proprietary business information, the disclosure of which would be harmful to the producing party or in violation of contract or applicable law;

WHEREAS, the parties have jointly moved for entry of this Protective Order to prevent the inappropriate or unlawful disclosure of such information;

NOW THEREFORE, it is hereby ORDERED, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, that the following Protective Order shall govern the handling of all Discovery Material, as defined herein.



**DEFINITIONS**

A. The "Litigation" means all proceedings in the above-styled action.

B. "Party" means all present and future named Plaintiffs and Defendants in the Litigation.

C. "Third Party" means any natural person, partnership, corporation, association, or other legal entity not a Party in the Litigation.

D. "Outside Counsel" means the law firm(s) that have entered an appearance for one or more Parties in the Litigation, such additional law firm(s) that enter an appearance for a Party in the Litigation, and the law firm(s) designated by a Third Party to respond to discovery requests by the Parties in the Litigation, including, with respect to each of the foregoing, their associated attorneys and other persons regularly employed by them, and temporary personnel retained by them to perform legal or clerical duties or to provide logistical litigation support in the Litigation.

E. "In-House Counsel" means any attorney who is an employee in the legal department of a Party whose responsibilities include overseeing or other involvement in or with respect to the Litigation.

F. "Expert/Consultant" means experts or other consultants (and their assistants and staff) who are not employed by or otherwise regularly affiliated with any Party but are retained to assist a Party or Outside Counsel in the Litigation and who agree in writing to be subject to and bound by the terms of this Protective Order.

G. "Document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), including, without limitation, electronic or computerized data compilations. A draft or non-identical copy is a separate document within the meaning of this term.

H. "Discovery Material" includes without limitation deposition testimony, deposition exhibits, interrogatory responses, admissions, affidavits, declarations, and Documents (whether paper or electronic and whether generated or received by the party possessing them) disclosed by a Party or Third Party in connection with the Litigation, including those produced pursuant to compulsory process or voluntarily.

I. "Producing Party" means a Party or Third Party that produces or intends to produce Discovery Material in the Litigation.

J. "Receiving Party" means any Party provided with Discovery Material in the Litigation.

K. "Confidential Information" means any Discovery Material that a Producing Party believes in good faith to constitute, reflect or disclose information protected from disclosure by contract or under applicable law or such other confidential personal information, trade secrets, personnel records, or sensitive business or commercial information that the designating party reasonably believes in good faith is not public or otherwise generally known in the relevant industry, and that a Producing Party has properly designated as Confidential Information pursuant to this Protective Order.

L. "Highly Confidential Information" means any Discovery Material that a Producing Party reasonably believes in good faith is Confidential Information, but the disclosure of which is likely to prejudice or injure the Producing Party, such that greater limitations on

disclosure are necessary than for Confidential Information, and that a Producing Party has properly designated as Highly Confidential Information pursuant to this Protective Order.

M. "Designated Material" means any Confidential Information or Highly Confidential Information that is properly designated by a Producing Party pursuant to this Protective Order.

N. "Disclose" means producing any Discovery Material directly, providing any description of its contents or in any way revealing the contents of Discovery Material. "Disclosure" means the act of Disclosing.

**TERMS AND CONDITIONS**

1. This Protective Order shall govern all Discovery Material in the Litigation. This Protective Order is binding upon the Parties, including their respective corporate parents, subsidiaries and affiliates and their respective attorneys, agents, representatives, officers and employees, and any Third Party that seeks the safeguards provided by this Protective Order.

2. All Discovery Material in the Litigation may be used only to evaluate, prosecute or defend a claim in this Litigation and for no other purpose, including any business purpose.

3. A Third Party who so elects may avail itself of, and agree to be bound by, the terms and conditions of this Protective Order and thereby become a Producing Party for purposes of this Protective Order. A Party, in requesting discovery from a Third Party, shall attach to such discovery requests a copy of this Protective Order so as to apprise the Third Party of its rights herein.

4. Any Producing Party shall have the right to identify and designate as "Confidential" any Discovery Material or portion of Discovery Material containing Confidential Information and to identify and designate as "Highly Confidential" any Discovery Material or portion of Discovery Material containing Highly Confidential Information.

5. In designating Documents or other written material as "Confidential," the Producing Party shall mark the first page of the document and each subsequent page thereof containing Confidential Information with the legend:

**CONFIDENTIAL**

6. In designating Documents or other written material as "Highly Confidential," the Producing Party shall mark the first page of the document and each subsequent page thereof containing Highly Confidential Information with the legend:

**HIGHLY CONFIDENTIAL — RESTRICTED ACCESS**

7. In designating as "Confidential" or "Highly Confidential" any testimony presented at a deposition in the Litigation:

(a) A Producing Party or its Outside Counsel may designate testimony, given by it or its present or former employee(s), officer(s), director(s), partner(s), representative(s), or any expert(s), as "Confidential" or "Highly Confidential" on the record during the taking of the deposition, in which case the stenographic employee or court reporter recording or transcribing such testimony shall be directed to bind and appropriately label any transcript page(s) containing Confidential Information or Highly Confidential Information separately and apart from any transcript page(s) containing no such Confidential Information or Highly Confidential Information; or

(b) A Producing Party or its Outside Counsel may notify all other Parties in writing, within ten (10) calendar days of receipt of the transcript of a deposition, given by it or its present or former employee(s), its officer(s), director(s), partner(s), representative(s), or any expert(s), of specific pages

and lines of the transcript which are designated as "Confidential" or "Highly Confidential," whereupon each Party shall attach a copy of such written designation to the face of the transcript and each copy thereof in that Party's possession, custody or control. To facilitate the designation of Confidential Information and Highly Confidential Information, all transcripts of depositions shall be treated, in their entirety, as Highly Confidential Information for a period of ten (10) calendar days following delivery by the court reporter of certified transcripts to all parties.

8. In the case of any electronic data or Documents that cannot be designated "Confidential" or "Highly Confidential – Restricted Access" in the manner set forth in paragraphs 5-7 above, it shall be sufficient for the Producing Party to clearly mark the CD-ROM, DVD, or other physical medium containing such electronic data or Documents with the appropriate designation.

9. Confidential Information may be Disclosed by the Receiving Party only to the following persons:

(a) The named parties;

(b) Outside Counsel;

(c) In-House Counsel;

(d) Any Expert/Consultant;

(e) Any potential witness whose deposition is noticed to be taken in this action;

(f) The Court and any members of its staff to whom it is necessary to Disclose Confidential Information for the purpose of assisting the Court in this Litigation;

(g) Any member of the putative class;

(h) Current or former officers, directors or employees of the Producing Party;

(i) Stenographic employees and court reporters recording or transcribing testimony relating to any proceedings in the Litigation;

(j) Any authors or prior recipients of the Confidential Information;

(k) Any insurer and such insurer's outside counsel, to the extent necessary to secure coverage; and

(l) Any other person only upon order of the Court or upon prior written consent of the Producing Party who produced the Confidential Information.

10. Persons (other than the Producing Party) having knowledge of Confidential Information pursuant to Paragraph 9 of this Protective Order shall use this information solely for the purposes of this litigation and shall neither use such Confidential Information for any other purpose nor disclose such Confidential Information to any person who is not identified in Paragraph 9 of this Protective Order.

11. Outside Counsel shall take all reasonable steps to assure the security of any Confidential Information and shall limit access to Confidential Information to those persons listed in Paragraph 9 of this Protective Order.

12. All the foregoing provisions applicable to Confidential Information apply equally to Highly Confidential Information, except that Disclosure of Highly Confidential Information by the Receiving Party shall be limited to the following persons:

(a) The named parties;

(b) Outside Counsel;

(c) In-House Counsel;

(d) Any Expert/Consultant;

(e) Any potential witness whose deposition is noticed to be taken in this action;

(f) Current officers, directors or employees of the Producing Party;

(g) The Court and any members of its staff to whom it is necessary to Disclose Confidential Information for the purpose of assisting the Court in this Litigation;

(h) Stenographic employees and court reporters recording or transcribing testimony relating to any proceedings in the Litigation;

(i) Any authors or prior recipients of the Highly Confidential Information;

(j) Any insurer and such insurer's outside counsel, to the extent necessary to secure coverage; and

(k) Any other person only upon order of the Court or upon prior written consent of the Producing Party who produced the Confidential Information.

13. Any Party that is served with a subpoena, public records request, or other notice purporting to compel the production of any Designated Material produced by any Producing Party is obligated to give written notice of such subpoena, request or other notice to Outside Counsel for all Parties and, if the Producing Party is not a Party, to the Producing Party, by

facsimile within three (3) business days. Upon receiving such notice, the Producing Party shall bear the burden to oppose, if it deems appropriate, the subpoena on grounds of confidentiality. The Party served with the subpoena request or other notice shall not make early disclosure of any Designated Material in a manner that might prejudice the Producing Party's ability to take such action.

14. Any Producing Party may withdraw a "Confidential" or "Highly Confidential – Restricted Access" designation of Discovery Material that it has produced by notifying Outside Counsel for each Party in writing of such withdrawal and supplying Outside Counsel for each Party with the production numbers of pertinent Discovery Material.

15. If, in order to expedite the flow of Discovery Material in the Litigation, counsel for the Producing Party and Receiving Party agree that Discovery Material is to be provided for inspection without first having been labeled, such Discovery Material shall be treated by the Receiving Party as Highly Confidential Information pending the copying and delivery of designated copies of same by the Producing Party.

16. Prior to the Disclosure by a Receiving Party of any Designated Material to any person identified in Paragraphs 9 or 12 above (other than named parties, officers, directors or current employees of the Producing Party, the Court and its staff), such person shall be provided with a copy of this Protective Order, which he or she shall read, and upon reading shall sign a Certification in the form annexed hereto as Exhibit A, acknowledging that he or she has read this Protective Order and shall abide by its terms. A file of all written Certifications shall be maintained by counsel of record for the party obtaining them and shall be made available, upon request, for inspection by the Court in camera. Persons who come into contact with Designated

Material for clerical, administrative, paralegal, stenographic or court reporting purposes, and who do not retain copies or extracts thereof, are not required to execute acknowledgments.

17. Any Party may request at any time permission to disclose Designated Material to a person other than those permitted under Paragraphs 9 and 12 above (or to use such information in a manner prohibited by this Protective Order) by serving a written request upon the Producing Party's Outside Counsel. The Producing Party or its Outside Counsel shall thereafter respond to the request in writing within five (10) calendar days of its receipt of such written request, and if consent is withheld, it shall state the reasons why consent is being withheld.

18. Challenges by a Party to Designation. Any designation of a Document as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ACCESS RESTRICTED" is subject to challenge by any party in the event of any dispute concerning the use of the designation.

(a) **Objection to Confidentiality**. At any time after receipt of any Document or of the refusal to produce a Document on the ground of such designation, a party may serve upon the designating party an objection to the designation. The objection shall specify the Documents to which the objection is directed and shall set forth the reasons for the objection as to each Document or category of Documents.

(b) **Obligation to Meet and Confer.** The objecting party and the party that designated the Documents to which objection has been made shall have ten (10) days from service of the objection to meet and confer in a good faith effort to resolve the objection by agreement. If agreement is reached confirming or waiving the CONFIDENTIAL and/or HIGHLY CONFIDENTIAL – ACCESS RESTRICTED designation as to any

Documents subject to the objection, the designating party shall serve on all parties a notice specifying the Documents and the nature of the agreement.

(c) **Obligation to File Motion.** In the absence of agreement as to any Documents designated CONFIDENTIAL and/or HIGHLY CONFIDENTIAL – ACCESS RESTRICTED, the designating party shall file within 20 days of the service of the objection a motion to maintain the CONFIDENTIAL and/or HIGHLY CONFIDENTIAL – ACCESS RESTRICTED designation. The designating party has the burden to show good cause for the CONFIDENTIAL and/or HIGHLY CONFIDENTIAL – ACCESS RESTRICTED designation.

(d) All deadlines imposed by this Paragraph 19 are subject to extension by the written stipulation of counsel; no motion need be filed to extend any such deadline by consent.

19. Nothing in this Protective Order shall restrict any Party's Outside Counsel from rendering advice to its clients in the litigation with respect to the Litigation and, in the course thereof, relying upon Confidential Information or Highly Confidential Information, provided that in rendering such advice, Outside Counsel shall not Disclose any other Party's Confidential Information or Highly Confidential Information other than in a manner provided for in this Protective Order.

20. The inadvertent production of any document or information without an appropriate designation of confidentiality will not be deemed to waive a later claim as to its confidential nature or stop the Producing Party from designating said document or information as "Confidential" or "Highly Confidential – Restricted Access" at a later date. Any Producing Party that seeks to subsequently designate Discovery Material as Confidential Information or

Highly Confidential Information shall notify Outside Counsel for all Parties of the document control numbers of the pertinent Discovery Material and shall provide a copy set of that Discovery Material with the revised designations. Disclosure of Discovery Material by any Party prior to such subsequent redesignation shall not be deemed a violation of the provisions of this Protective Order, provided, however, that any party that Disclosed such redesignated Discovery Material shall make a good faith effort promptly to procure all copies of such Discovery Material from any persons known to have possession of any such redesignated material who are not entitled to receipt under Paragraphs 9 and 12 above.

21. The inadvertent production of any privileged materials or other materials exempt from production by any Party or Third Party making production of Discovery Material shall not be deemed a waiver or impairment of any claim of privilege or exemption (including under the attorney-client privilege or work product doctrine) concerning any such Discovery Material or the subject matter thereof. A Producing Party shall promptly notify all other Parties in writing if it determines that it has inadvertently disclosed privileged materials, and any Receiving Party shall promptly notify all other Parties in writing if it reasonably believes that it has received inadvertently disclosed privileged materials. Any Receiving Party to whom such materials have been disclosed shall cooperate in the return of all copies of such material from any persons, including the Receiving Party, known to have possession of any such Discovery Material. Nothing in this Paragraph constitutes a waiver of any Party's right to challenge a Producing Party's claim of privilege for any reason. Until such challenge has been resolved by order of Court or by written agreement of the Parties, no Party shall use or disseminate the subject materials in any manner inconsistent with the Producing Party's claim of privilege.

22. Except as agreed in writing by counsel of record, and to the extent that any Confidential Information or Highly Confidential Information is, in whole or in part, contained in, incorporated in, disclosed in or attached to any pleading, motion, memorandum, appendix or other judicial filing, Outside Counsel shall file under seal that portion of the submission containing the Confidential Information or Highly Confidential Information and that portion filed under seal shall be designated and treated as a "Sealed Document." The remainder of any such pleading, motion, memorandum, appendix or other judicial filing shall be filed with the Court with appropriate redactions. Disclosure of any portion of the transcript of a deposition which reflects or contains Confidential Information or Highly Confidential Information shall be subject to the terms of this Protective Order, and if filed with the Court, such portion containing Confidential Information or Highly Confidential Information shall be filed as a Sealed Document. All Sealed Documents, filed under seal pursuant to this Protective Order, shall be filed in a sealed envelope and shall remain under seal until such time as this Court orders otherwise. Such Sealed Documents shall be identified with the caption of this action, a general description of the sealed contents and shall bear the following legend which shall also appear on the sealed envelope:

**CONFIDENTIAL**
**Contents hereof are confidential and are subject to a court-ordered protective order governing the use and dissemination of such contents.**

The Clerk of the Court shall maintain such Sealed Documents separate from the public records in this action, intact and unopened except as otherwise directed by the Court. Such Sealed Documents shall be released by the Clerk of the Court only upon further order of the Court.

23. If Confidential Information or Highly Confidential Information is used during depositions, it shall not lose its protected status through such use.

24. Nothing in this Protective Order shall be deemed a waiver of any objection or privilege a Producing Party may claim to the production of any Discovery Material, nor shall anything in this Protective Order prevent the Producing Parties from seeking an order from the Court, upon proper notice to all Parties, further restricting the Disclosure of Confidential or Highly Confidential Discovery Material.

25. Upon the conclusion of the Litigation, including any appeals related thereto, and at the written request and option of the Producing Party, within sixty (60) calendar days of such request all Discovery Material and any and all copies thereof shall be either returned to the Producing Party or destroyed, provided, however, that counsel may retain their attorney work product, attorney-client privilege information and all publicly filed documents even though they may contain Confidential Information or Highly Confidential Information. Any Discovery Material retained pursuant to the provisions of this Paragraph shall remain subject to the terms of this Protective Order. At the written request of the Producing Party, any person or entity having custody or control of Discovery Material or recordings, notes, memoranda, summaries or other written materials, and all copies thereof, relating to or containing Discovery Material shall certify that reasonable efforts have been made to assure that all such Discovery Material and any and all records, notes, memoranda, summaries or other written material regarding the Discovery Material (except for attorney work product, attorney-client privilege and court-filed documents as stated above), and any copies thereof, have been destroyed or delivered in accordance with the terms of this Protective Order. Any request for return or destruction shall be made within ninety (90) days of the conclusion of the Litigation. If a Producing Party does not request the return of its Discovery Material within the specified time period, parties in possession of said material shall destroy the material. In the case of Discovery Material that was produced by a Third Party,

the Party that requested the production of such material shall notify the Producing Party of the conclusion of the Litigation within forty five (45) days of its conclusion and shall inform the Producing Party of the deadline for requesting the return or destruction of such material. The Party or Third Party requesting the return of Discovery Materials under this Paragraph shall be responsible for the cost of shipment.

26. If Discovery Material is Disclosed to any person other than in the manner authorized by this Protective Order, the Party responsible for the Disclosure shall within two (2) business days after learning of such Disclosure, inform the Producing Party of all pertinent facts relating to such Disclosure and shall make every effort to prevent Disclosure by each unauthorized person who received such information.

27. Nothing herein shall be construed to affect in any manner the admissibility at trial of any document, testimony or other evidence. Subject to the applicable rules of evidence, Confidential Information and Highly Confidential Information may be offered into evidence at trial or any court hearing. Any Party or Third Party may move the Court for an order that evidence be received in camera or under other conditions to prevent unnecessary disclosure of Confidential Information or Highly Confidential Information. Prior to trial or to a hearing in open court, the Court shall determine what protection, if any, may be afforded to Confidential Information or Highly Confidential Information at the trial or hearing.

28. A Party's or person's compliance with the terms of this Protective Order, including but not limited to production of materials or receipt of materials subject to this Protective Order:

(a) shall not operate as an admission that any particular Document is or is not confidential, privileged or protected, or admissible in evidence at trial;

(b) shall not operate as an admission that any particular Document contains or reflects proprietary or commercially sensitive information;

(c) shall not prejudice in any way the rights of any Party to object to production of Documents it considers not subject to discovery or nonresponsive;

(d) shall not prejudice in any way the rights of any Party to object to the authenticity or admissibility into evidence of any Document, testimony or evidence;

(e) shall not prejudice in any way the rights of any Party to seek determination by the Court as to whether particular Documents or information shall be produced, and, if produced, whether such Documents and information shall be protected; and

(f) shall not prejudice in any way the rights of any Party to apply to the Court for a further protective order relating to any Documents, information or testimony.

29. Nothing contained in this Protective Order shall preclude any Party from using its own Confidential Information or Highly Confidential Information in any manner it sees fit, without prior consent of any Party or the Court. If a Producing Party knowingly and intentionally discloses its own Confidential Information or Highly Confidential Information in a pleading filed in the Court's public record or in a publication disseminated to the general public, the Producing Party shall be deemed thereby to have consented to the removal of that designation with respect to the information disclosed.

30. By written agreement of the Parties, or upon motion and order of the Court, the terms of this Protective Order may be amended, modified or vacated. This Protective Order shall

continue in full force and effect until amended or superseded by express order of the Court, and shall survive any final judgment or settlement in these actions.

31. Any invalidity, in whole or in part, of any provision of this Protective Order shall not affect the validity of any other provision of this Protective Order.

SO STIPULATED this 13th day of January, 2010:

**Teamsters Local 445 Freight Divisions Pension Fund, on Behalf of Themselves and All Others Similarly Situated,**

By their attorneys,

/s/ ______________________
Joel P. Laitman
*jlaitman@cohenmilstein.com*
Christopher Lometti
*clometti@cohenmilstein.com*
Michael B. Eisenkraft
*Meisenkraft@cohenmilstein.com*
Daniel B. Rehns
*drehns@cohenmilstein.com*
**Cohen Milstein Sellers & Toll PLLC**
150 East 52nd Street, Thirtieth Floor
New York, New York 10022
Tel: (212) 838-7797

**Dynex Capital Inc., Merit Securities Corporation, Steven J. Benedetti, and Thomas H. Potts**

By their attorneys,

/s/ ______________________
Edward J. Fuhr
*efuhr@hunton.com*
Terence J. Rasmussen
*trasmussen@hunton.com*

**HUNTON & WILLIAMS LLP**
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, Virginia 23219

**SO ORDERED** this 1 day of March, 2010

______________________
The Honorable Harold Baer, Jr.
Unites States District Judge for the Southern District of New York