UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
                                                :

In re DYNEX CAPITAL, INC.                      :        05 Civ. 1897 (HB)
SECURITIES LITIGATION                       :        OPINION & ORDER
                                                :
------------------------------------------------------------------------x

**Hon. HAROLD BAER, JR., United States District Judge:**

      Before the Court is Magistrate Judge Freeman's Report and Recommendation denying the defendants' motion to dismiss for fraud on the Court. For the reasons discussed below, the Report and Recommendation is accepted and adopted in its entirety.

BACKGROUND

      This is a class action lawsuit in which Teamsters Local 445 Freight Division Pension Fund ("Teamsters" or "Plaintiff"), as class representative, brings claims under sections 10(b) and 20(a) of the 1934 Securities Exchange Act (the "Act"), 15 U.S.C. §§ 78j(b), 78t(a). The class consists of purchasers of Merit Securities Corporation Collateralized Series 12 and Series 13 Bonds (collectively, the "Bonds") between February 7, 2000 and May 13, 2004 (the "Class Period"). Plaintiff alleges that it suffered damages as a result of the fact that Defendant Dynex Capital, Inc., its subsidiary Merit Securities Corporation, and two senior executives of the companies, Thomas H. Potts and Stephen J. Benedetti (collectively, "Defendants"), made false and misleading statements about the quality of the mobile home loans that served as collateral for the Bonds.

      Plaintiff filed a Second Amended Complaint on August 6, 2008 (the "SAC"). The SAC asserted allegations derived from statements by nine confidential witnesses ("CWs") which detailed the Defendants' alleged fraud. In rejecting the Defendant's motion to dismiss on October 19, 2009, the Court relied in part on those allegations. The litigation proceeded to the discovery phase, and on October 14, 2010, the Court ordered Plaintiff to identify the nine CWs. Armed with this information, the Defendants apparently conducted their own interviews with the CWs and found reason to argue that Cohen, Milstein, Sellers & Toll PLLC, lawyers for Teamsters, had fabricated at least some of the statements by the CWs that were central to the SAC. On December 21, 2010, Defendants filed a motion to dismiss on the grounds that the alleged fabrication constituted a fraud on the Court that merited dismissal. The motion was

premised on allegations that the CWs had either retracted or disavowed the statements attributed to them in the SAC. Defendants did not argue for alternative sanctions, nor did they argue that the claims alleged in the SAC are frivolous or lack sufficient evidentiary support to survive summary judgment. This case was subsequently certified as a class action, Cohen, Milstein, Sellers & Toll PLLC was named Class Counsel and Teamsters was named Class Representative.

Defendant's motion to dismiss for fraud on the Court was referred to Magistrate Judge Freeman, who issued a thoughtful and finely-reasoned Report and Recommendation on April 29, 2011 (the "R&R"). The R&R found in favor of Teamsters and the class, and Defendants lodged objections to its findings on May 16, 2011. On May 29, 2011 Plaintiffs submitted a memorandum in support of the R&R.

## DISCUSSION

This court "may accept, reject, or modify, in whole or in part, the findings or recommendations" of a magistrate judge. 28 U.S.C. § 636(b)(1); *New York Dist. Council of Carpenters Pension Fund v. Perimeter Interiors, Inc.*, 657 F.Supp.2d 410, 414 (S.D.N.Y. 2009). This Court reviews de novo those parts of the R&R to which objections are made, and reviews the remainder for clear error. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); *Perimeter Interiors*, 657 F.Supp.2d at 414. When a party makes only generalized or conclusory objections, or simply reiterates his original arguments, the Court reviews a magistrate judge's report and recommendation for clear error." *Perimeter Interiors*, 657 F.Supp.2d at 414; *accord Molefe v. KLM Royal Dutch Airlines*, 602 F.Supp.2d 485, 487 (S.D.N.Y. 2009).

In the R&R, Judge Freeman found first that the motion to dismiss should be denied because Defendants failed to produce clear and convincing evidence that a fraud was perpetrated on the Court. Bolstering this conclusion, the R&R noted that Plaintiff had presented plausible counter-narratives to explain the CWs' retraction or disavowal of the remarks originally attributed to them by Class Counsel in the SAC. Second, Judge Freeman declined to hold an evidentiary hearing on the credibility of the CWs' testimony. She reasoned that such a hearing would present logistical problems in terms of the subpoena power of this Court; unduly delay the trial; and risk usurping the duty of the finder of fact, who bears ultimate responsibility for credibility determinations. Finally, Judge Freeman concluded that the Defendants' requested relief is inappropriate. She reasoned that dismissal of a securities class action based on the actions of Class Counsel would be an unduly harsh sanction in the circumstances presented,

2

including because such sanctions could violate the due process rights of other class members who have had nothing to do with the selection or actions of Class Counsel.

Defendants object to all material aspects of the R&R, but their objections are unpersuasive and largely duplicative of the arguments asserted in the underlying motion. In particular, they argue that that (1) Judge Freeman applied the incorrect standard with respect to proving fraud by Class Counsel; (2) Judge Freeman failed to evaluate the evidence of inconsistency between the statements made by the CWs in the SAC and the notes of the conversations maintained by Class Counsel; (3) the Court should allow collection of evidence if it concludes that the record is incomplete; and (4) dismissal of the SAC with prejudice as sanctions for fraud by Class Counsel is an appropriate remedy under the law.

Defendants' attention-grabbing contention that Judge Freeman applied an incorrect legal standard misses the mark. They do not and cannot argue but that they must provide clear and convincing proof to establish their claim for fraud; rather, they quibble over the kind of facts that satisfy that standard. In short, they characterize her denial as relying upon the existence of contradictory evidence, and assert that mere contradictory accounts of the facts should not defeat a claim for fraud. They omit to show, however, that they came forward with clear and convincing evidence in the first place. *See Passlogix, Inc. v. 2FA Tech., LLC*, 708 F. Supp. 2d 378, 393-94 (S.D.N.Y. 2010) ("A fraud on the court occurs where it is established by clear and convincing evidence that a party has sentiently set in motion some unconscionable scheme calculated to interfere with the judicial system's ability impartially to adjudicate a matter by unfairly hampering the presentation of the opposing party's claim or defense.").

Moreover, the R&R is not focused solely, as Defendants suggest, on the existence of contradictory evidence; it relies in large measure on the fact that Defendants failed to provide any corroboration for the disputed statements on which they rely, and failed to rebut the plausible counter-narratives that Plaintiff posits as an explanation for the CWs' inconsistent statements, i.e. the desire to remain in the good graces of their former employer once their identities were revealed. *Passlogix, Inc.*, 708 F. Supp. 2d at 406 (noting that a plausible counter-narrative and rebuttal evidence can be sufficient to disprove a fraud committed upon the court). Even reviewing the Defendants' submissions de novo, I conclude that they fall far short of the clear and convincing standard appropriate here. *See Passlogix*, 708 F. Supp. 2d at 393.

Defendants' claim that Judge Freeman neglected to evaluate the evidence suggests either wishful thinking or a failure to grasp what to this Court at least is a proper evaluation. The R&R succinctly rejects the evidence in a few paragraphs and an exemplary footnote that does exactly what the Defendants allege Judge Freeman failed to do: evaluate Class Counsel's notes alongside the statements attributed to the CWs. True, it does not narrate in laborious detail its analysis of each statement in dispute, but a de novo review of the evidence makes clear that no such explanation is warranted. A review of the evidence also makes clear that Defendants' objections on this score amount to little more than their original arguments warmed over, and they have failed to show any clear error in the R&R, *Perimeter Interiors*, 657 F.Supp.2d at 414, and failed to carry their ultimate burden of clear and convincing evidence.

The Defendants' remaining contentions are unpersuasive. Judge Freeman appropriately decided against holding an evidentiary hearing for the reasons given in her R&R. The Defendants' complaint on this score is unavailing, particularly in light of their failure to request an evidentiary hearing at the outset. In short, Defendants have failed to carry their evidentiary burden at this juncture. Finally, the Defendants' quibble with the appropriateness of dismissal is again wishful thinking. As Judge Freeman notes, even if Defendants had shown a fraud on the Court, it is far from clear that dismissal in these circumstances would be required, and Defendants cite no authority to the contrary. Because Defendants failed meet their initial burden of showing a fraud on the Court, further discussion of appropriate sanctions is unwarranted.

## CONCLUSION

Having considered the arguments of the parties, the Court approves, adopts, and ratifies the R&R. The Clerk of the Court is instructed to close this motion and remove it from my docket.

SO ORDERED
June 20, 2011
New York, New York

_____
Hon. Harold Baer, Jr.
U.S.D.J.

4