USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/21/11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE DYNEX CAPITAL, INC. SECURITIES LITIGATION | CASE NO. 05 CV 1897 (HB)<br><br>[PROPOSED] ORDER |

 **WHEREAS**, on March 7, 2011, the Court granted Plaintiff's motion for class certification (the "Certification Order"); and

 **WHEREAS**, on March 18, 2011, Defendants filed a petition for interlocutory appeal (the "Petition") of the Court's Certification Order; and

 **WHEREAS**, on March 31, 2011, the Court issued a temporary stay of this case pending resolution of the Petition; and

 **WHEREAS**, by decision dated June 2, 2011, the Second Circuit denied the Petition; and

 **WHEREAS**, by letter dated June 7, 2011, the Court lifted the stay and directed the parties to meet and confer upon an appropriate briefing schedule for Summary Judgment motions and for the dissemination of the class notice in light of the November trailing trial month; and

 **WHEREAS**, Plaintiff obtained through discovery of the Depository Trust Company ("DTC") certain reports containing the names of DTC participant banks and brokers and based on those reports Plaintiff subsequently obtained the names of certain custodians and beneficial holders of the Merit Series 12 and Series 13 bonds at issue; and

**WHEREAS**, Plaintiff will provide the DTC reports, and names of custodians and beneficial holders of the Merit Series 12 and Series 13 bonds obtained during discovery to GCG, Inc. ("GCG") for the purpose of providing notice to the Class; and

**WHEREAS**, the Parties have met and conferred, and participated in a pre-trial conference with the Court on June 14, 2011; and

**WHEREAS**, the Plaintiff has submitted a form of Notice of Pendency of Class Action ("Notice") annexed as Exhibit A and the Summary Notice of Pendency of Class Action ("Summary Notice") annexed as Exhibit B; and

**WHEREAS**, Plaintiff has engaged GCG to publish, disseminate and administer the proposed Notice Program described below[1]:

**NOW, THEREFORE**, it is hereby **ORDERED** that:

**SUMMARY JUDGMENT MOTIONS:**

1.   The Parties shall file any motion(s) for Summary Judgment on or before July 15, 2011.

2.   Opposition(s) to Summary Judgment motions shall be filed on or before August 15, 2011.

3.   Reply paper(s) shall be filed on or before September 6, 2011.

**CLASS NOTICE:**

4.   The form of Plaintiff's proposed Notice (Exhibit A) and Summary Notice (Exhibit B) complies with the requirements of Fed. R. Civ. P. 23(c)(2)(B) and due process and is therefore approved.

---

[1] Information regarding GCG's experience with providing notification and/or claims administration services in securities cases is attached hereto as Exhibit C.

2

5. GCG is approved as the Notice Administrator for the Class.

6. GCG will mail the Notice by First Class mail to all participant banks and brokers identified in the DTC reports provided by Plaintiffs;

7. GCG will mail the Notice by First Class mail to all persons or entities that have been previously identified by Plaintiff in discovery as custodians, nominees and beneficial holders of Merit Series 12 and Merit Series 13 bonds within ten (10) days of receipt of a copy of this Order;

8. Pursuant to Paragraph 12 of the Notice, GCG will mail the Notice by First Class mail to all beneficial holders identified by any brokerage firm, bank, or nominee that provides GCG with a list of the names and addresses of such holders within 10 days of receipt of such information; alternatively Paragraph 12 requests that Notice shall be provided by such brokerage firm, bank or nominee;

9. GCG will conduct an additional mailing of the Notice by First Class mail to its proprietary list of nominees, banks, brokers, custodians and other similar institutions which typically hold securities such as Merit Series 12 and Merit Series 13 bonds, and the provisions of paragraph 8 above shall apply equally with respect to any such nominees, banks, brokers, custodians and similar institutions;

10. GCG will provide printed Notices to all custodians or nominees who request additional copies (at no cost) for the purpose of mailing them to beneficial holders;

11. GCG will follow-up by phone or in writing with custodians and nominees who mail the Notice to beneficial holders to request a list of all such beneficial holders who were sent Notices and report to Plaintiffs regarding those efforts;

12. GCG will cause to be published the Summary Notice in *Investors' Business Daily* and on Business Wire which will provide class members with a toll free hotline number and information on how to obtain the Notice;

13. GCG will maintain a toll-free hotline number throughout the opt-out period to answer questions from class members;

14. The Notice and Summary Notice will be posted on the Dynex Capital website that is dedicated to providing information to investors in Merit Series 12 and Merit Series 13 bonds.

15. The Summary Notice or Press Release will be made available on the DTC Electronic Legal Notice system;

16. The Notice Program shall commence and the Summary Notice shall be published no later than June 30, 2011 so as to allow for a 90-day window, ending on September 30, 2011, in which class members may submit requests for exclusion from the class;

17. The Court finds, pursuant to Fed. R. Civ. P. 23(c)(2)(B), that Plaintiff's Notice Program is the best notice that is practicable under the circumstances and comports with due process, and hereby approves the Notice Program and forms of Notice and Summary Notice, annexed as Exhibits A and B hereto

18. Separate and apart from the class notification procedures under Fed. R. Civ. P. 23, the parties are authorized by this Order to issue subpoenas to custodian banks, brokerage firms and others to determine the identity of the purchasers of the bonds during the class period and the specific information regarding their trades including price and quantity information.

SO ORDERED:

_____
Harold Baer, Jr., U.S.D.J.

Date: 6/21/11

# Exhibit A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| IN RE DYNEX CAPITAL, INC.<br>SECURITIES LITIGATION | Case No. 05-1897 HB<br><br>NOTICE OF PENDENCY OF CLASS ACTION |

## NOTICE OF PENDENCY OF CLASS ACTION

**Your legal rights might be affected
if you are a member of the following group:** [1]

ALL PURCHASERS OF THE FOLLOWING MERIT SECURITIES CORPORATION'S ("MERIT") COLLATERALIZED BONDS SERIES 12-1 (THE "SERIES 12 BONDS") AND SERIES 13 (THE "SERIES 13 BONDS") (THE SERIES 12 AND 13 BONDS, COLLECTIVELY THE "BONDS") BETWEEN FEBRUARY 7, 2000 AND MAY 13, 2004 (THE "CLASS PERIOD") WHO WERE DAMAGED THEREBY:

| Series 12-1 | | Series 13 | |
|---|---|---|---|
| **Class** | **Cusips** | **Class** | **Cusips** |
| 1-A1 | 589962CK3 | A1 | 589962CR8 |
| 1-A2 | 589962CL1 | A2 | 589962CS6 |
| 1-A3 | 589962CM9 | A3 | 589962CT4 |
| 1-M1 | 589962CN7 | A4 | 589962CU1 |
| 1-M2 | 589962CP2 | M1 | 589962CV9 |
| 1-B1 | 589962CQ0 | M2 | 589962CW7 |
|  |  | B1 | 589962CX5 |

**A Federal Court authorized this notice. This is not a solicitation from a lawyer. You have not been sued.**

### 1. Why did I get this Notice?

The Court in charge of this lawsuit has ordered that this Notice be sent to persons who are included in the above group to advise them that this lawsuit has been certified as a class action and that they are Class Members. You received this Notice because you were identified as a potential Class Member. In a class action, one or more people files suit on behalf of others with similar claims, called Class Members. If you are a Class Member, your rights will be affected by this lawsuit.

---

[1]   The Class does not include any of the Defendants in the lawsuit, their officers and directors at all relevant times, members of their immediate families, and their legal representatives, heirs, successors or assigns and any entity in which any Defendant has or had a controlling interest.

COHEN, MILSTEIN,
SELLERS & TOLL
P.L.L.C.
ATTORNEYS AT LAW

NOTICE OF PENDENCY OF CLASS
ACTION (NO. 05-1897 HB)

The Class, which is more specifically defined above, consists of purchasers of the Merit Bonds between February 7, 2000 and May 13, 2004 who were damaged thereby. Plaintiff in the lawsuit and representative of the Class is Teamsters Local 445 Pension Fund, a purchaser of Merit Bonds during the Class Period who claims to have been damaged thereby.

This Notice only advises you of the existence of the lawsuit and of your rights if you are a Class Member. The Court has not made any determination as to ultimate merits of the claims or the defenses in the lawsuit. If you received this Notice but are not a Class Member, you do not need to take any action. Your rights will not be affected.

### 2. What is this lawsuit about?

Plaintiff has brought this lawsuit on behalf of itself and other similarly situated purchasers of the Merit Bonds originated, securitized and issued by Merit. This lawsuit alleges that Defendants Dynex Capital, Inc. ("Dynex"), and Merit and the individual defendants Thomas H. Potts ("Potts"), Dynex's Principal Executive Officer during the Class Period, and Steven J. Benedetti ("Benedetti"), Merit's Chief Executive Officer and President during the Class Period, violated Sections 10(b) and 20(a) of The Securities Exchange Act of 1934 ("Exchange Act") by concealing the allegedly impaired quality of the bond collateral and issued materially false and misleading statements which artificially inflated the value of the Bonds during the Class Period.

The lawsuit alleges, inter alia, that Defendants concealed the truth when they represented to investors during the Class Period that the poor performance of the collateral was due to "market conditions" when, in fact, the poor performance was materially due to the poor quality of the manufactured housing loan collateral underlying the Bonds which was known to Defendants from the time the bonds were publicly offered to investors. Defendants have denied and continue to deny all of these allegations.

### 3. What is the Plaintiff asking the Court to do?

The lawsuit asks the Court to find that the Defendants have violated the federal securities laws for the reasons referenced above, and that Plaintiff and the Class are entitled to damages. The lawsuit also seeks interest, attorneys' fees, costs and other relief. Certification of the Class by the Court is not an assurance that Class members will recover damages. Entitlement to, and the amount of any damages awarded, must be proven by Plaintiff at trial.

### 4. How can I see a copy of the documents in the case?

You may review a copy of the current Complaint, the Class Certification Order, the Scheduling Order and certain other documents in the case, by visiting the following website: **http://www.cohenmilstein.com/cases/234/dynex-capital** If you are interested in reviewing copies of other publicly filed documents in the case, you may either write or email Class Counsel at the address listed below requesting copies of those documents or visit the United States District Court for the Southern District of New York.

### 5. How has the Defendant (*i.e.* Dynex) responded to the claims in this Litigation?

Defendants have denied any wrongdoing or liability for the claims alleged. Defendants claim that any problems with the collateral underlying the Merit Bonds were the result of market

forces and not any wrongdoing by Defendants. Defendants claim further that any statements made by them during the Class Period regarding the Merit Bonds were accurate and not misleading. Defendants deny any liability to Plaintiff or other members of the Class.

### 6. Do I have a lawyer in the case?

The Court has approved the following law firm to serve as Lead Counsel for the Class:

> COHEN MILSTEIN SELLERS & TOLL PLLC
> Joel P. Laitman
> Christopher Lometti
> 88 Pine Street, 14th Floor
> New York, N.Y. 10005
> Telephone: (212) 838-7797
> Email: jlaitman@cohenmilstein.com
>        clometti@cohenmilstein.com

The Court has approved this law firm to serve as Class Counsel, but you have the right to also retain your own counsel at your own expense (though you are not required to retain separate counsel). Class Counsel intends to seek a remedy on behalf of all class members.

### 7. How will the lawyers be paid?

Counsel for the Class has agreed to pursue this Class Action on a contingent fee basis. This means that all attorneys' fees and expenses are payable only out of money recovered for the Class or Plan, if any, awarded by the Court and/or a separate amount that may be awarded by the Court against Defendants to pay fees and/or expenses of Class Counsel.

In the event that Counsel for the Class obtains a judgment, settlement or some success on the merits, the Court may determine that the fees and expenses of Counsel for the Class should be paid by the Defendant instead of reducing the recovery for the Plan and the Class.

Class Members will not have to separately pay lawyers any additional amounts (unless they retain their own separate counsel).

### 8. How do I participate in this Class Action?

If you fall within the definition of the Class set forth above, you are a Class Member. **YOU DO NOT NEED TO DO ANYTHING AT THIS TIME.**

As a Class Member, and unless you exclude yourself from the Class in the manner described in paragraph 10 below, you will be bound by any judgment entered or settlement reached in this lawsuit, whether favorable or unfavorable. An unfavorable judgment will NOT reduce the amount of your pension benefit. **No judgment has been entered or settlement reached at this time.** If a proposed settlement of the lawsuit is reached, it will be subject to approval by the Court. You will receive notice of any such proposed settlement, and members of the Class who have not previously excluded themselves will have an opportunity to object to the terms of the proposed settlement, and may be required to submit a Proof of Claim to demonstrate their entitlement to any payment.

Any Class Member who does not direct to be excluded from the Class, and does not wish to be represented by Counsel for the Class appointed by the Court, may also enter an appearance in the lawsuit through their own counsel, at their own expense.

### 9. How can I exclude myself from the class?

If you wish to be excluded from the Class, you must submit a direction to be excluded in accordance with the instructions in the next paragraph. If you choose to be excluded: *(1) you will NOT be entitled to share in any recovery from any settlement or judgment, if any, that may be paid to members of the Class as a result of a trial or other settlement of this lawsuit;* (2) you will NOT be bound by any judgment or release entered in this lawsuit; and (3) at your own expense, you MAY pursue any claims that you have by filing your own lawsuit or taking other action.

To be excluded, a person shall mail, by first class mail, a written direction to be excluded from the Class, **postmarked no later than September 30, 2011** addressed to the Notice Administrator at: **In Re Dynex Capital, Inc. Securities Litigation, EXCLUSIONS c/o GCG, Inc., PO Box 9349, Dublin, OH 43017-4249**. In order to be valid, any direction to be excluded must set forth the name and address of the person or entity directing exclusion, must contain the statement that such person or entity "directs that they be excluded from the Class in the *In re Dynex Capital, Inc. Securities Litigation*, 05-cv-1897 (HB)," and must be signed by such person or duly authorized representative of such entity. **You should only direct to be excluded if you do NOT wish to participate in the Class Action and do not wish to share in any potential recovery that the Class may obtain.**

### 10. How can I find out more?

This Notice contains only a summary of the litigation and your rights as a potential Class Member. For more detailed information regarding the matters involved in this litigation, please refer to the papers on file in this litigation, which may be inspected at the Office of the Clerk of Court, United States Courthouse, 500 Pearl Street, New York, New York, 10007 (or are available online for a fee by obtaining a password at www.uscourts.gov). In addition to Class Counsel, inquiries regarding this litigation may be addressed to the Notice Administrator at the following:

> In Re Dynex Capital, Inc. Securities Litigation
> c/o GCG, Inc.
> PO Box 9349
> Dublin, OH 43017-4249
> 1-800-231-1815

If this Notice was mailed to you at an old address, or if you move, please advise the Notice Administrator of your current address at the above address so that you can receive any future Notice and/or Proof of Claim forms.

### 12. Notice to Persons or Entities Holding Ownership on Behalf of Others

Brokerage firms, banks and/or other persons or entities who purchased Merit Bonds during the Class Period as a nominee for a beneficial owner: within ten (10) days after you receive this Notice, are requested to: (1) provide a list of names and addresses of such beneficial owners to the Notice Administrator who will complete the mailing to such owners; or (2) send a copy of

COHEN, MILSTEIN,
SELLERS & TOLL
P.L.L.C.
ATTORNEYS AT LAW

- 4 -

NOTICE OF PENDENCY OF CLASS
ACTION (NO. 05-1897-HB)

this Notice by first class mail to all such beneficial owners and provide to GCG a list of all persons to whom you provided this Notice. You can provide this information to the Notice Administrator at:

> In Re Dynex Capital, Inc. Securities Litigation
> c/o GCG, Inc.
> PO Box 9349
> Dublin, OH 43017-4249

You may obtain from the Notice Administrator (without cost to you) as many additional copies of these documents as you will need to complete the mailing.

Regardless of whether you choose to complete the mailing yourself or elect to have the mailing performed for you, you may obtain reimbursement of reasonable administrative costs actually incurred in connection with forwarding the Notice and which would not have been incurred but for the obligation to forward the Notice, upon submission of appropriate documentation to the Notice Administrator.

**PLEASE DO NOT CALL THE COURT REGARDING THIS NOTICE.**

Dated: June 21, 2011

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

COHEN, MILSTEIN,
SELLERS & TOLL
P.L.L.C.
ATTORNEYS AT LAW

- 5 -

NOTICE OF PENDENCY OF CLASS
ACTION (NO. 05-1897-HB)

# Exhibit B

## LEGAL NOTICE

# ATTENTION PURCHASERS OF MERIT SECURITIES CORPORATION SERIES 12 AND SERIES 13 BONDS BETWEEN FEBRUARY 7, 2000 AND MAY 13, 2004

## SUMMARY NOTICE OF PENDENCY OF CLASS ACTION

TO:   ALL PURCHASERS OF THE FOLLOWING MERIT SECURITIES CORPORATION'S COLLATERALIZED BONDS SERIES 12-1 AND SERIES 13 BETWEEN FEBRUARY 7, 2000 AND MAY 13, 2004 INCLUSIVE WHO WERE DAMAGED THEREBY:

| Series 12-1 | | Series 13 | |
|---|---|---|---|
| **Class** | **Cusips** | **Class** | **Cusips** |
| 1-A1 | 589962CK3 | A1 | 589962CR8 |
| 1-A2 | 589962CL1 | A2 | 589962CS6 |
| 1-A3 | 589962CM9 | A3 | 589962CT4 |
| 1-M1 | 589962CN7 | A4 | 589962CU1 |
| 1-M2 | 589962CP2 | M1 | 589962CV9 |
| 1-B1 | 589962CQ0 | M2 | 589962CW7 |
|  |  | B1 | 589962CX5 |

**YOU ARE HEREBY NOTIFIED THAT A CLASS HAS BEEN CERTIFIED IN PENDING LITIGATION THAT MAY AFFECT YOUR RIGHTS.**

If you are a member of the class described above, your rights may be affected by the lawsuit referred to as *In re Dynex Capital, Inc. Securities Litigation, Civ. No. 05-1897(HB)*, which is now pending before the United States District Court for the Southern District of New York (the "Court"), brought by Lead Plaintiff Teamsters Local 445 Pension Fund on behalf of themselves and others similarly situated against Dynex Capital, Inc., Merit Securities Corp., Dynex's Principal Executive Officer, Thomas Potts, and Merit's President and Chief Executive Officer, Steven Benedetti (collectively, "Defendants").

The Court determined that the Action may proceed as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure. You may be a member of the Class. Excluded from the Class are Defendants; the other officers and directors of Dynex during the Class Period; members of their immediate families and their legal representatives, heirs, successors, or assigns; and any entity in which Defendants have or had a controlling interest.

This Notice is not an expression of any opinion by the Court with respect to the merits of the claims or the defenses asserted in the Action. This Notice is merely to advise you of the pendency of this Action and of your rights therein.

If you have not yet received the "Notice of Pendency of Class Action" which describes the Class Action and your related rights in detail, you may obtain a copy by writing to:

> In Re Dynex Capital, Inc. Securities Litigation
> c/o GCG, Inc.
> PO Box 9349
> Dublin, OH 43017-4249

If you fall within the definition of the Class set forth above, you are a member of the Class. **IF YOU WISH TO REMAIN A MEMBER OF THE CLASS, YOU DO NOT NEED TO DO ANYTHING AT THIS TIME.**

If you wish to be excluded from the Class, you must send a direction to be excluded to In Re Dynex Capital, Inc. Securities Litigation, EXCLUSIONS c/o GCG, Inc., PO Box 9349, Dublin, OH 43017-4249, postmarked no later than September 30, 2011. There are specific requirements for being excluded that are set forth in the detailed Notice of Pendency of Class Action. In addition, inquiries regarding this litigation may be addressed to:

> Joel P. Laitman
> Christopher Lometti
> 88 Pine Street, 14th Floor
> New York, New York 10005
> Telephone: (212) 838-7797
> Fax: (212) 838-7745

**PLEASE DO NOT CALL THE COURT OR THE DISTRICT CLERK'S OFFICE REGARDING THIS NOTICE.**

Dated: _June 21_, 2011          UNITED STATES DISTRICT COURT
                                SOUTHERN DISTRICT OF NEW YORK

2

# EXHIBIT C



People. Power. Performance.℠

Main Phone: 631-470-5000
Toll Free: 800-327-3664
Website: www.gcginc.com

**Corporate Resume**

### BACKGROUND

The recognized leader in legal administration services for class action settlements of all types (including but not limited to Securities, SEC Disgorgements, Antitrust, Consumer & Product, Labor & Employment, ERISA, Civil & Human Rights, Insurance & Healthcare, and Mass Tort).

- 12 strategically located offices across the U.S.
- Over 1000 employees in 12 offices.
- More than 40 on-staff attorneys with extensive experience and backgrounds including ClassAction Litigation, Securities, and Bankruptcy.
- A full-service, in-house advertising agency led by renowned notice expert.
- State-of-the-art, 24/7 call center providing toll-free access worldwide.
- Ranked No.1 Claims Administrator by the *New York Law Journal*.

### INDUSTRY EXPERIENCE

- Administered over fifteen hundred cases during its existence.
- Mailed over 275 million notices.
- Processed tens of millions of claims.
- Distributed over $30 billion in compensation.
- Issued over 27 million checks.
- Handled over 3 million calls.
- Designed and launched hundreds of case websites.
- Pioneered institutional and web-based electronic claim filing.
- Exhibit A contains a complete listing of major class actions by settlement value, notices mailed, and claim volume.

### SECURITIES RELATED EXPERIENCE

GCG has handled a significant proportion of the largest and most complex securities class action settlements of all time.

- Handled 5 of the top 10 largest Securities Settlements of all time.
- Administered 32 of the 100 largest Securities Settlements to date (more than any other settlement administrator).
- Pioneer of electronic institutional filing including GCG's recent launch of its institutional filing website GCG ICE.™



People. Power. Performance.℠

## INTERNATIONAL EXPERIENCE

GCG has handled complex administrations with cross-border and/or international reach. GCG has experience and resources to adapt to any international component.

- Published notice in over 70 languages across more than 170 different countries in one case alone.
- Processed claims from hundreds of countries in multiple currencies.
- Largest global Nominee database with institutional contacts around the world.
- Distributed funds in hundreds of countries in over 50 currencies.
- Distributed funds to hundreds of thousands of European claimants via electronic transfer.

## QUALITY

All GCG processes have continuous and rigorous control processes from:

- Claim packet dissemination.
- Claim intake and auto-scanning.
- Claim entry and document review.
- Award calculation.
- Check distribution.

GCG has a company-wide Audit and Compliance Department as well as an internal quality control staff at the case level. The following are results from independent audits:

- WorldCom – 99.97% accuracy rate
  - Nearly 1 million claims
  - 42 different securities

- Global Crossing – 99.99% accuracy rate
  - Over 300 thousand claims
  - 14 different securities

- McAfee (SEC) – 99.97% accuracy rate
  - Over 30 thousand claims
  - $67 million settlement fund

| SETTLEMENT VALUE | | | |
|---|---|---|---|
| Case | Value | Case | Value |
| WorldCom Securities | $6.05 billion | Sears Securities | $215 million |
| Tyco Securities | $3.20 billion | Mills Corporation | $203 million |
| VisaCheck/MasterMoney Antitrust | $3.05 billion | Kinder Morgan, Inc. | $200 million |
| Nortel Networks Securities | $2.40 billion | Tobacco Growers Antitrust | $200 million |
| Claims Resolution Tribunal (Swiss Bank) | $1.25 billion | CMS Energy Securities | $200 million |
| Royal Ahold Securities | $1.10 billion | WellCare Securities | $200 million |
| Exxon Dealer | $1.08 billion | Lease Oil Antitrust | $194 million |
| Engle Trust Fund | $800 million | Bristol Myers Squibb Securities | $180 million |
| Bristol Myers Securities | $750 million | Dollar General Securities | $172 million |
| IPO Securities | $586 million | First Colony Life Insurance Company | $165 million |
| Lucent Technologies Inc. Securities | $517 million | Broadcom Corporation | $161 million |
| Auction Houses Antitrust | $512 million | In re Buspirone | $145 million |
| Global Crossing Securities | $447 million | Napster Copyright | $130 million |
| Freddie Mac Securities | $410 million | Delphi Corporation Securities | $129 million |
| Refco, Inc. | $405 million | Bristol Myers Squibb Co Securities | $125 million |
| Western Union – Mexico Money Transfer | $380 million | In re Deutsch Telecom AG Securities | $120 million |
| Hillenbrand Antitrust | $338 million | Philip Morris Securities | $115 million |
| Williams Securities | $311 million | StarLink Corn Products | $110 million |
| Daimler/Chrysler AG Securities | $300 million | CVS Corporation Securities | $110 million |
| Indirect Vitamin Products Antitrust | $225 million | Lee v. Allstate | $101 million |
| Tenet Healthcare Securities | $217 million | American Exp. Fin. Advisors Securities | $100 million |

| NOTICES SENT | | | |
| --- | --- | --- | --- |
| Case | Notices | Case | Notices |
| VisaCheck/MasterMoney Antitrust | 26,000,000 | SEC v. Tyco Securities | 2,800,000 |
| In re Webloyalty | 20,000,000 | Nortel Networks Securities | 2,480,000 |
| Browning v. Yahoo | 19,000,000 | Tyco Securities | 2,450,000 |
| Cruz v. Western Union Money Transfer | 18,000,000 | America On-Line Cancellation | 2,300,000 |
| Sears Roebuck and Sears National Bank | 11,000,000 | Invesco Sub-Track Mutual Fund | 2,250,000 |
| Pelayo v. Mexico Money Transfer | 9,000,000 | Yahoo! Personals | 2,100,000 |
| MFS Sub-Track Mutual Fund | 7,600,000 | Paterson v. Western Union | 2,000,000 |
| IPO Securities | 7,000,000 | Bristol Myers Squibb Securities | 1,950,000 |
| Time Warner Entertainment Company | 7,000,000 | St. Paul Travelers Securities II | 1,840,000 |
| Moneygram – Mexico Money Transfer | 5,000,000 | Bristol Myers Securities | 1,800,000 |
| Progressive Group Auto Insurance | 4,500,000 | Dell Inc. Securities | 1,700,000 |
| WorldCom Securities | 4,000,000 | FTC v. Consumer Info.com | 1,500,000 |
| Global Crossing Securities | 3,800,000 | Johnson & Johnson Contact Lens | 1,500,000 |
| Lucent Technologies Inc. Securities | 3,500,000 | Title Insurance | 1,400,000 |
| Amorsolo v. Western Union | 3,500,000 | Delphi Corporation Securities | 1,400,000 |
| Total Loss Insurance | 3,000,000 | Compaq Securities | 1,000,000 |
| DSL Services | 3,000,000 | Dollar General Securities | 1,000,000 |
| Oxmoor House | 3,000,000 | Philip Morris Securities | 1,000,000 |
| GM Brake | 2,800,000 | Procter & Gamble Securities | 1,000,000 |
| American Exp. Fin. Advisors Securities | 2,800,000 | Tenet Healthcare | 1,000,000 |
| Strong Sub-Track Mutual Fund | 2,800,000 | | |

| CLAIM VOLUME | | | |
|---|---|---|---|
| Case | Claims | Case | Claims |
| Strong Sub-Track Mutual Fund | 2,100,000 | Southwest Bell Zamora | 250,000 |
| American Exp. Fin. Advisors Securities | 1,000,000 | St. Paul Travelers Securities II | 238,000 |
| Daniels v. Allstate | 995,000 | MFS Sub-Track Mutual Fund | 265,000 |
| WorldCom Securities | 980,000 | DSL Services | 230,000 |
| Progressive Fair Credit Reporting Act | 815,000 | Ameritech Mobile Communications | 200,000 |
| VisaCheck/MasterMoney Antitrust | 815,000 | Mobile Communications | 200,000 |
| Lucent Technologies, Inc. Securities | 700,000 | Tobacco Growers Antitrust | 200,000 |
| Deloris Kline v. Progressive Corporation | 685,000 | Freddie Mac Securities | 185,000 |
| Global Crossing Securities | 600,000 | First Colony Life Insurance | 160,000 |
| Nortel Networks Securities | 500,000 | St. Paul Travelers Securities I | 160,000 |
| Tyco Securities | 480,000 | Compaq Securities | 150,000 |
| Time Warner Entertainment Company | 480,000 | Dynegy/Enron Shareholders | 150,000 |
| Dell, Inc. | 435,000 | International Auction Houses Antitrust | 150,000 |
| Bristol Myers Securities | 425,000 | Johnson & Johnson Contact Lens | 150,000 |
| IPO Securities | 390,000 | Sears Securities | 145,000 |
| Dip Tube | 365,000 | Daimler-Chrysler AG Securities | 115,000 |
| FTC v. Consumer Info.com | 340,000 | Tenet Healthcare Corporation | 112,000 |
| Royal Ahold Securities | 275,000 | Invesco Sub-Track Mutual Fund | 110,000 |
| Bristol Myers Squibb Securities | 250,000 | Bell South Securities | 107,000 |
| Philip Morris Securities | 250,000 | Williams Securities | 100,000 |
| Procter & Gamble Securities | 250,000 | Title Insurance Litigation | 100,000 |
| GM Brake | 250,000 | Total Loss Insurance | 100,000 |

| EMAIL NOTICES | |
| --- | --- |
| **CASE CITATIONS** | **EMAILS SENT** |
| Classmates.com | 57 Million |
| Webloyalty.com | 18 Million |
| Browning v. Yahoo! Inc. | 15 Million |
| Expedia Hotel | 13 Million |
| AT & T Wireless | 7 Million |
| Equifax Consumer Services, Inc. | 7 Million |
| 1-800 Flowers Retail | 4.6 Million |
| TransUnion, LLC and TrueLink, Inc. | 3.6 Million |
| Carfax Inc. | 1.8 Million |
| New Motion, Inc. | 1.3 Million |
| Consumerinfo.com | 1 Million |